JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ASHLEY COLEMAN

**DEFENDANTS**
CEDAR WOODS CARE MANAGEMENT, INC

(b) County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Brian C. Farrell, Esq.
Console Mattiacci Law
1525 Locust St., 9th Fl., Philadelphia, PA 19102    215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  |  |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine |  |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
|  | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 385 Property Damage Product Liability |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
|  |  |  |  |  | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |  |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability |  | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 448 Education | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101; 43 P.S. §951; Phila. Code §9-1101
Brief description of cause:
Plaintiff was discriminated against based on her disability and retaliated against due to her requests for accommodations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** in excess of $75,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE  05/10/2018
SIGNATURE OF ATTORNEY OF RECORD  */s/*

**FOR OFFICE USE ONLY**
RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Ashley Coleman,<br>　　　　　　Plaintiff | : | CIVIL ACTION |
| v. | : | |
| Cedar Woods Care Management, Inc.,<br>　　　　　　Defendant | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　( X )

| | | |
|---|---|---|
| 5/10/18 | _[signature]_ | Plaintiff, Ashley Coleman |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-565-2851 | farrell@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __Philadelphia, PA 19144__

Address of Defendant: __2701 North Broad Street, Suite 400, Philadelphia, PA 19132__

Place of Accident, Incident or Transaction: __Philadelphia, PA 19132__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Brian C. Farrell, Esquire__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: __5/10/18__    _____    319145
                     Attorney-at-Law             Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __5/10/18__    _____    319145
                     Attorney-at-Law             Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ASHLEY COLEMAN**<br>Philadelphia, PA 19144 | CIVIL ACTION NO. |
| **Plaintiff,** | |
| v. | |
| **CEDAR WOODS CARE MANAGEMENT, INC.**<br>2701 North Broad Street<br>Suite 400<br>Philadelphia, PA 19132 | JURY TRIAL DEMANDED |
| **Defendant.** | |

## COMPLAINT

### I. INTRODUCTION

Plaintiff, Ashley Coleman ("Plaintiff"), brings this action against her former employer, Cedar Woods Care Management, Inc. ("Defendant"), for unlawful discrimination and retaliation. Defendant's discriminatory and retaliatory conduct violated the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.* ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code §9-1101, *et seq.* ("PFPO").

Plaintiff seeks all damages, including economic loss, compensatory and punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate under applicable federal and state law.

## II. PARTIES

1. Plaintiff, Ashley Coleman ("Plaintiff"), is an individual and a citizen of the Commonwealth of Pennsylvania. She resides in Philadelphia, Pennsylvania.

2. Plaintiff was an individual with a known medical impairment at the time Defendant terminated her employment.

3. At all times material hereto, Plaintiff was actually disabled under the ADA, PHRA, and PFPO in that she suffered from a medical impairment which, when active, substantially limited one (1) or more of her major life activities, and/or had a record of impairment, and/or was regarded as having such impairment.

4. Defendant Cedar Woods Care Management, Inc. is a Pennsylvania corporation with a principal place of business located at 2701 North Broad Street, Suite 400, Philadelphia, PA 19132.

5. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania and with entities and individuals in the Commonwealth of Pennsylvania.

6. At all times material hereto, Defendant employed more than fifteen (15) employees.

7. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8. At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

9. At all times material hereto, Plaintiff was an employee of Defendant within

the meaning of the statutes which form the basis of this matter.

### III. JURISDICTION AND VENUE

10. The causes of action which form the basis of this matter arise under the ADA, the PHRA, and the PFPO.

11. The District Court has jurisdiction over Count I (ADA) pursuant to 28 U.S.C. §1331.

12. The District Court has supplemental jurisdiction over Count II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. §1367.

13. Venue is proper in the District Court under 28 U.S.C. §1391(b).

14. On or about February 7, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC") and Philadelphia Commission on Human Relations ("PCHR"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of Plaintiff's EEOC Charge of Discrimination (with personal identifying information redacted).

15. On or about February 12, 2018, the EEOC issued to Plaintiff a Notice of Right to Sue for her Charge of Discrimination. Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of the Notice (with personal identifying information redacted).

16. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

17. Plaintiff was employed by Defendant from on or about November 28, 2016 until on or about January 10, 2017, the date of her unlawful termination.

18. At all times throughout her employment with Defendant, Plaintiff held the position of Supports Coordinator.

19. As a Supports Coordinator, Plaintiff's job responsibilities included, without limitation, assisting in the coordination and monitoring of services to Defendant's clients through the development and implementation of "Individual Support Plans" ("ISP"). ISPs typically included the coordination of housing, medical, social, educational, vocational and community services for clients. In this role, Plaintiff was also required to make home visits to clients.

20. At all times relevant hereto, Plaintiff reported to Rhonda Martin ("Martin"), Lead Service Coordinator.

21. Throughout her employment with Defendant, Plaintiff demonstrated excellent performance and performed her tasks and duties in a highly competent manner.

22. Prior to her employment with Defendant, Plaintiff was diagnosed with a severe allergy to cat dander, which can lead to anaphylaxis. Anaphylaxis is an acute, potentially life-threatening allergic reaction. Plaintiff's medical condition substantially impairs certain of Plaintiff's major life activities, including, but not limited to, proper respiratory function. Plaintiff carries an EpiPen, inhaler, and Benadryl at all times due to her disability.

23. At all times material hereto, Defendant was aware of Plaintiff's disability and her need to carry an EpiPen, inhaler, and Benadryl.

4

24. Upon her hire, Plaintiff disclosed her disability to Defendant's Human Resources department ("HR"). Plaintiff also requested that Defendant accommodate her disability by permitting her to avoid making home visits to clients who had cats. In response, HR advised Plaintiff that Defendant would pre-screen clients to determine whether they owned cats as a reasonable accommodation for Plaintiff's disability.

25. On or about December 29, 2016, Plaintiff and Martin went on a home visit to a client of Defendant. When they arrived at the client's home, Plaintiff observed that client owned a number of cats.

26. Plaintiff then explained to Martin that she was medically unable to complete the home visit due to her disability. Defendant had not made Plaintiff aware in advance of this home visit that the client owned cats. Martin then informed Plaintiff that Plaintiff herself should call clients in advance of home visits to determine whether those clients owned cats.

27. On or about January 9, 2017, Plaintiff received a positive performance evaluation from Martin.

28. The following day, on or about January 10, 2017, Martin summoned Plaintiff into a meeting. During the meeting, Martin and a Human Resources Representative for Defendant abruptly terminated Plaintiff's employment, allegedly due to "non-performance" of Plaintiff's job.

29. When Plaintiff asked for further explanation, Martin informed Plaintiff that she was being terminated because of her disability.

30. At all times material hereto, Plaintiff was a qualified individual under the ADA, the PHRA, and the PFPO.

31. At all times material hereto, Defendant had knowledge of Plaintiff's disability.

32. Plaintiff's actual and/or perceived disability and/or record of impairment was a determinative and/or motivating factor in Defendant's discriminatory and retaliatory treatment of Plaintiff, including Plaintiff's termination.

33. Plaintiff's request and/or utilization of a reasonable accommodation was a determinative and/or motivating factor in Defendant's discriminatory and retaliatory treatment of Plaintiff, including Plaintiff's termination.

34. Defendant failed to engage Plaintiff in the interactive process.

35. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

36. Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights.

37. The conduct of Defendant, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

## COUNT I - ADA

38. Plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint as if fully set forth in their entirety.

39. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the ADA.

40. Defendant acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

41. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

42. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

43. No previous application has been made for the relief requested herein.

### COUNT II - PHRA

44. Plaintiff incorporates herein by reference paragraphs 1 through 43 above, as if set forth herein in their entirety.

45. Defendant, by the above improper and discriminatory and retaliatory acts, has violated the PHRA.

44. Said violations were intentional and willful.

45. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

46. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

47. No previous application has been made for the relief requested herein.

## COUNT III - PFPO

48. Plaintiff incorporates herein by reference paragraphs 1 through 47 above, as if set forth herein in their entirety.

49. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PFPO.

50. Defendant acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

51. As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

52. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADA;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) declaring the acts and practices complained of herein to be in violation of the PFPO;

(d) entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(e) awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(f) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g) awarding punitive damages to Plaintiff under the ADA and PFPO;

(h) awarding Plaintiff such other damages as are appropriate under the ADA, PHRA, and PFPO;

(i) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and;

(j) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY DEMAND

Plaintiff demands a trial by jury.

CONSOLE MATTIACCI LAW LLC

Dated: May 10, 2018     BY: _____
Brian Farrell, Esq. (Pa. Bar No. 319145)
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 545-8211 (fax)

Attorney for Plaintiff,
Ashley Coleman

9

# Exhibit "1"

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ☐ FEPA<br>☒ EEOC | |

STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission; Philadelphia Commission on Human Relations

| NAME (Indicate Mr., Ms., Mrs.)<br>Ashely Coleman | HOME TELEPHONE NUMBER (Include Area Code) |
|---|---|
| STREET ADDRESS ▓▓▓▓ | CITY, STATE AND ZIP<br>Philadelphia, PA 19144 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>Cedar Woods Care Management, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>>20 | TELEPHONE (Include Area Code)<br>(215) 427-7800 |
|---|---|---|
| STREET ADDRESS<br>3634-38 North Broad South | CITY, STATE AND ZIP<br>Philadelphia, PA 19140 | COUNTY<br>Philadelphia |

CAUSE OF DISCRIMINATION (Check appropriate box(es))
☐ Race  ☐ Color  ☐ Sex  ☐ Religion  ☐ National Origin
☐ Retaliation  ☐ Age  ☒ Disability  ☐ Other (Specify)

DATE DISCRIMINATION TOOK PLACE
Earliest        Latest  01/10/2017

**The Particulars Are:**

A.   1.   Relevant Work History

I began my employment with Respondent on November 28, 2016 as a Service Coordinator Social Worker. I was hired by Quinn Dunn, Human Resources Representative, who no longer works at Respondent. I reported to Rhonda Martin, Lead Service Coordinator.

Respondent terminated my employment on January 10, 2017 because of my disability.

I consistently demonstrated excellent performance and dedication to Respondent. I performed my tasks and duties in a highly competent manner.

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures

NOTARY - (when necessary for State and Local Requirements)
I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief.

I declare under penalty or perjury that the foregoing is true and correct.

Date: 2/3/2017   Charging Party (Signature): [signed] Ashley

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year)

RECEIVED 17 FEB -7 PM 5:16 EEOC PHILADELPHIA DISTRICT OFFICE

AC

**EEOC Charge of Discrimination**
**Page 2 of 3**
**Initials of Charging Party –**

2. **Harm Summary**

I have been discriminated against because of my disability (anaphylactic to cat). Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a) I was diagnosed with a severe cat allergy (anaphylaxis) in 2012, and have been treated by an allergist ever since. I carry an EpiPen, inhaler, and Benadryl with me in the event I have an allergic (anaphylactic) reaction.

(b) When Respondent hired me, I explained to Respondent that I have a severe cat allergy. I informed Respondent that, as a Social Worker doing home visits, I must be made aware in advance if the clients I am visiting have any pets. Respondent agreed.

(c) As a Social Worker at Respondent, I was obligated to meet with seven (7) clients each Thursday. If I learned that an intended home on my visit list had cats, I could switch that visit with another Social Worker. Out of Respondent's sixty-nine (69) clients, only two (2) clients had cats.

(d) On December 29, 2016, I went on a home visit and, when I arrived at the home, I saw that the client had three (3) cats. I had not been made aware in advance of the visit that this home had cats. Due to my severe cat allergy, I explained to Respondent and my client that I was unable to complete the visit and had to leave.

(e) On January 9, 2017, I received a positive evaluation. Respondent informed me that I was meeting, and sometimes exceeding, my daily quotas. Respondent provided me with a plan for the next two (2) months of clients I needed to visit.

(f) On January 10, 2017, at the end of the day, Martin called me into a meeting. Martin and Respondent's Human Resources Representative gave me a letter stating that Respondent was terminating my employment due to "non-performance."

(g) I questioned why I was being terminated for "non-performance" when my evaluation from the day before was positive.

(h) Martin then answered that I was being terminated because of my cat allergy.

(i) When I tried to return to my office following the meeting, my belongings were already packed and I was unable to enter my office. I was terminated, effective immediately.

(j) I was the only employee terminated on January 10, 2017.

(k) On one occasion during my employment with Respondent, when one of my coworkers stated that she had an allergy, I heard Martin laugh and respond that everyone here seems to have an allergy.

**EEOC Charge of Discrimination**
**Page 3 of 3**
**Initials of Charging Party –**



B.   1.   **Respondent's Stated Reasons**

      (a)   Respondent has not offered any legitimate, non-discriminatory explanation for terminating my employment, and admitted that I was terminated because of my disability.

      (b)   Respondent's other stated reason for terminating my employment, non-performance, is pretext for disability discrimination.

C.   1.   **Statutes and Bases for Allegations**

I believe that Respondent has discriminated against me based on my disability (anaphylactic to cat) in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, et seq. ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code § 9-1100, *et seq.* ("PFPO") as set forth herein.

## INFORMATION FOR COMPLAINANTS & ELECTION OPTION
## TO DUAL FILE WITH THE
## PENNSYLVANIA HUMAN RELATIONS COMMISSION

### Ashley Coleman v. Cedar Woods Care Management, Inc.

EEOC No. _____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

[Sign and date appropriate request below]

__X__ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

__X__ I understand that false statements in this complaint are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

X _____[signature]_____  2/3/2018
       Signature and Date

____ I do not want my charge dual filed with PHRC

_____
Signature and Date

RECEIVED 2018 -7 PM 5:14 PHILADELPHIA DISTRICT OFFICE

# Exhibit "2"

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Ashley Coleman
    Philadelphia, PA 19144

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-01491 | Legal Unit | (215) 440-2828 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Jamie R. Williamson,
District Director

2/12/18 (Date Mailed)

Enclosures(s)

cc: Pamela D'Santos
Human Resources Director
CEDAR WOODS
3634-38 N. Broad Street
Philadelphia, PA 19140

Emily R. Derstine Friesen
CONSOLE LAW OFFICES
1525 Locust Street, 9th Floor
Philadelphia, PA 19102